## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANINE WILLIAMS, individually and** | : | |
| **on behalf of all others similarly situated** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-4752** |
| | : | |
| **THE PISA GROUP, INC.** | : | |

### <u>ORDER</u>

This 24th day of February, 2023, for the reasons stated in the accompanying Memorandum, it is **HEREBY ORDERED** that Plaintiff's Amended Motion for Class Certification (ECF 43) is **GRANTED**.

This action shall be maintained as a class action in accordance with Federal Rules of Civil Procedure 23(a) and (b)(3), pursuant to the following findings of fact:

1. Plaintiff has asserted claims for Defendant's violations of 47 U.S.C. § 227(c) on behalf of the following Class:

   > All natural persons in the United States who, within four years preceding the filing of this case, received more than one telephone solicitation call from PGI within a 12-month period telemarketing newspaper subscriptions more than 31 days after registering their telephone number with the National Do-Not-Call Registry.

2. The Class is so numerous that joinder of all members is impracticable.

3. There are questions of law and/or fact common to the Class.  The principal questions include:

a.  Whether Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(c), and the Federal Communications Commission's implementing regulation, 47 C.F.R. § 64.1200(c)(2);

b.  Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

c.  Whether Defendant can demonstrate that any violation was the result of error, and that as part of its routine business practice it met the standards listed in 47 C.F.R. § 64.1200(c)(2)(i);

d.  Whether Defendant can demonstrate that it had Established Business Relationships with members of the Class;

e.  Whether Defendant can demonstrate that it had prior express invitation or permission to call members of the Class;

f.  Whether members of the Class are entitled to up to three times actual monetary loss based on the willfulness of Defendant's conduct; and

g.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

4.  The claim of representative Plaintiff Janine Williams is typical of the claim of the Class.

5.  Plaintiff and her counsel will fairly and adequately represent the interests of the Class.  Ms. Williams has no interests that appear antagonistic to the Class, and Plaintiff's counsel—Ellzey & Associates PLLC, Hughes Ellzey LLP, and Kimmel & Silverman PC—are experienced and competent.

6.  Common issues of proof will predominate in this TCPA class action.

7.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

\* \* \* \* \*

It is therefore **FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby:

8.  Certifies the following Class:

> All natural persons in the United States who, within four years preceding the filing of this case, received more than one telephone solicitation call from PGI within a 12-month period telemarketing newspaper subscriptions more than 31 days after registering their telephone number with the National Do-Not-Call Registry.

9.  Certifies and appoints Plaintiff Janine Williams as Class representative.

10. Certifies and appoints the firms Ellzey & Associates PLLC, Hughes Ellzey LLP, and Kimmel & Silverman PC as Class Counsel.

11. Orders Plaintiff to submit a proposed form of class notification to the Court for review and approval within 45 days of this Order.

\* \* \* \* \*

This Court will issue a further Scheduling Order after its Order approving and directing notice to the Class.

/s/ Gerald Austin McHugh
United States District Judge